# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEA CONTAINERS LTD., et al.,[1] | Case No. 06-11156 (KJC) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. _____ |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROTHSCHILD INC. AS ADVISOR FOR THE DEBTORS AND DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO SEPTEMBER 1, 2007

Upon the application (the "Application")[2] of the above-captioned Debtors for entry of an order authorizing the employment and retention of Rothschild Inc. ("Rothschild") as advisor to the Debtors pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, *nunc pro tunc* to September 1, 2007; and upon consideration of the Application and all pleadings related thereto, including the Resnick Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and (c) notice of the Application was due and proper under the circumstances; and it appearing that Rothschild neither holds nor represents any interest adverse to the Debtors or their estates; and it further appearing that Rothschild is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interests of the

---

[1] The Debtors are Sea Containers Caribbean Inc., Sea Containers Ltd. and Sea Containers Services Ltd.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

Debtors, their estates and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Application is granted; and it is further

ORDERED, that the retention and employment of Rothschild on the terms set forth in the Engagement Letter is hereby approved *nunc pro tunc* to September 1, 2007; and it is further

ORDERED, that notwithstanding any provision of the Engagement Letter to the contrary, during the pendency of these chapter 11 cases, there shall be (i) no limitations on liability for any claim brought by the Debtors against Rothschild in connection with the services to be provided by Rothschild under the Engagement Letter, and (ii) no indemnification or reimbursement of costs and expenses of Rothschild by the Debtor for claims brought by any other person or entity; provided, however, that clauses (i) and (ii) above will apply only to the extent that any such claim against Rothschild is judicially determined (the determination having become final) to have arisen from Rothschild's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct as such terms are interpreted under Delaware law; and it is further

ORDERED, to the extent requested in the Application, Rothschild is granted a waiver of the information requirements relating to compensation requests set forth in Local Rule 2016-2(d); provided, however, that Rothschild shall submit a final fee application subject only to the subsequent review by the Bankruptcy Court under the standard of review provided in Section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in Section 330 of the Bankruptcy Code; and it is further

ORDERED that this Court will retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2007
Wilmington, Delaware

_____
Kevin J. Carey
United States Bankruptcy Judge

DB02:6205611.4 065635.1001