UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | CHAPTER 11 |
| : | |
| **SEA CONTAINERS LTD..,** *et al.*[1] : | |
| Debtors : | Case No. 06-11156 (KJC) |

# MEMORANDUM[2]

**BY: KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

On October 23, 2008, the above-captioned debtors (the "Debtors") filed an objection (the "Objection")(D.I. 2262) to proof of claim number 1 (the "Dacey Claim") filed by Mervyn Dacey ("Dacey" or the "Claimant"), purportedly on behalf of "M. Barry (Trustee of Dacey Trust)." The Claimant did not file a response to the Objection with the Court, but responded by a letter to the Debtors dated November 25, 2008 (the "Response"), enclosing a copy of a Trust Deed Document dated March 24, 1985 (the "1985 Trust Document"). On December 9, 2008, the Court held a hearing on the Objection, at which the Claimant appeared by telephone. The Debtors provided the Court with copies of the Response and the enclosed Trust Deed Document in the December 9, 2008 Hearing Binder.

For the reasons that follow, the Objection will be sustained.

---

[1]The chapter 11 cases of Sea Containers, Ltd., Sea Containers Services, Ltd, and Sea Containers Caribbean, Inc., are being jointly administered pursuant to the Order dated October 17, 2006 (D.I. 14).

[2]This Memorandum constitutes the findings of fact and conclusions of law, as required by Fed.R.Bankr.P. 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and §157(a). This contested matter involves a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(B).

## Facts

In May of 1996, the Sea Containers Ltd. ("SCL") completed a Class A Share exchange offer to shareholders of the Isle of Man Steam Packet Company Ltd. ("IOMSPC"), which was previously a London Stock Exchange listed company, to acquire the outstanding shares of IOMSPC. Pursuant to the exchange offer, Ms. Muriel Barry, an individual who resided in the Isle of Man, tendered all her shares in IOMSPC to SCL and, in exchange, received 106,000 Class A shares in SCL.[3]

On October 15, 2006, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On November 6, 2006, the Claimant filed the Dacey Claim in the amount of $420,290, attaching copies of uncashed dividend checks issued by SCL to Muriel Barry and dated between May 27, 1997 through May 20, 2002.[4]

In the Objection, the Debtors advance two main arguments for disallowance of the claim. First, the Claimant did not produce any documentation, as required by the SCL Bye-Laws,[5] to establish the Claimant's authority to act on behalf of Muriel Barry or her estate.[6] Second, even assuming that the Claimant had authority to assert the Dacey Claim, a significant portion of the dividend checks were forfeited pursuant to the SCL Bye-Laws, which provide that any dividends

---

[3] The facts in this paragraph are taken from the Declaration of Edwin S. Hetherington In Support of Debtors' Objection to Proof of Claim Number 1 (the "Declaration"), attached as Exhibit C to the Objection and admitted without objection at the hearing on December 9, 2008. (Tr. 12/9/08 at 9).

[4] The proof of claim was filed as an unsecured priority claim, but, in the Response, the Claimant conceded that there was no basis for according the claim priority status.

[5] A copy of the "Bye-Laws of Sea Containers, Ltd." (the "Bye-Laws") is attached as Exhibit B to the Objection and was admitted without objection at the hearing on December 9, 2008. (Tr. 12/9/08 at 9).

[6] There is an allegation in the Objection that Muriel Barry died on or about February 26, 1997, but no evidence in support of this fact was set forth in the Declaration or elsewhere.

that were unclaimed for a period of six (6) years from the date of declaration were forfeited and reverted to SCL. In the alternative, to the extent any amount of the Dacey Claim is allowed, the Debtors seek subordination of the claim pursuant to Bankruptcy Code §510(b).

The Claimant responds to the Objection, asserting that (i) he has authority to assert the Dacey Claim because the Trust Deed Document between Muriel Barry, as Settlor, and Henry Sawbridge, as Trustee, appointed Claimant as "Protector" of the Dacey Trust Fund; and (ii) he should be granted relief from the forfeiture provisions of the SCL Bye-Laws due to the illness and subsequent death of the Trustee for the Dacey Trust, or, in the alternative, allowance of the claim in the amount of $53,265, which is the total amount of the dividend checks that were issued less than six years before the bankruptcy filing.[7]

## Discussion

When a claim objection is filed in a bankruptcy case, the burden of proof as to the validity of the claim shifts between parties. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). These shifting burdens of proof are described in *Allegheny Int'l* as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case....In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity

---

[7] Of the twenty-one checks attached to the Dacey Claim, only the following seven were issued less than six years prior to the bankruptcy filing: November 6, 2000 ($7,950); February 5, 2001 ($7,950); May 4, 2001 ($7,950); August 3, 2001 ($7,950); November 5, 2001 ($7,950); February 5, 2002 ($5,565); and May 6, 2002 ($7,950), for a total of $53,265.

of the claim by a preponderance of the evidence....The burden of persuasion is always on the claimant.

*Allegheny Int'l*, 954 F.2d at 173-74 (citations omitted). "[T]he burden of proof is an essential element of the claim itself; one who asserts a claim is entitled to the burden of proof that normally comes with it." *In re United Companies Fin. Corp.*, 267 B.R. 524, 527 (Bankr.D.Del. 2000) quoting *Raleigh v. Illinois Dept. Of Revenue*, 530 U.S. 15, 21, 120 S.Ct. 1951, 1955, 147 L.Ed.2d 13 (2000).

Here, it is doubtful whether the proof of claim is even facially valid. The Dacey Claim is signed on behalf of "M. Barry" by the "Trustee of Dacey Trust," but no information is attached to provide evidence of anyone's authorization to act on behalf of Muriel Barry. Regardless, the Debtors have rebutted any validity that could be afforded to the proof of claim by questioning the Claimant's authority for failure to provide the documentation required by the Debtors' Bye-Laws.

The Claimant argues that he is the "Trustee" or "Protector" under the Dacey Trust with authority to claim a right to the dividend checks. There is no evidence of this; moreover, there is no evidence that the Debtors were provided with documentation, as required by the Bye-Laws (and, as would be needed by this Court), to show that the Muriel Barry's shares were transferred into the Dacey Trust. Paragraph 9 of the Bye-Laws provides:

> 9. Except as ordered by a court of competent jurisdiction or as required by law, no person shall be recognized by the Company as holding any share upon trust and the Company shall not be bound by or required in any way to recognise (even when having notice thereof) any equitable, contingent, future or partial interest in any share or any interest in any fractional part of a share or (except only as otherwise provided in these Bye-Laws or by law) any other right in respect of any share except an absolute right to the entirety thereof in the registered holder.

Bye-Laws of SCL, ¶9. The 1985 Trust Document provided by the Claimant does not contain any reference to the SCL shares as being part of the Trust.

While it is alleged that the payee on the dividend checks, Muriel Barry, is deceased, there is no evidence that the Claimant is the representative of her estate. Moreover, there is no evidence that, since her death in 1997, the Claimant has complied with the Bye-Laws' requirements concerning recognition of transfers of title to shares upon the death of a shareholder. More specifically, paragraphs 34 and 35 of the Bye-Laws provide:

> 34. In the case of the death of a shareholder, the survivor or survivors, where the deceased was a joint holder, and the estate representative, where he was sole holder, shall be the only person recognized by the Company as having any title to his shares; but nothing herein contained shall release the estate of a deceased holder (whether the sole or joint) from any liability in respect of any share held by him solely or jointly with other persons. For the purpose of this Bye-Law, estate representative means the person to whom probate or letters of administration has or have been granted or, failing any such person, such other person as the Board may in its absolute discretion determine to be the person recognised by the Company for the purpose of this Bye-law.
>
> 35. (a) Any person becoming entitled to a share in consequence of the death of a shareholder or otherwise by operation of applicable law may, subject as hereinafter provided and upon such evidence being produced as may from time to time be required by the Board as to his entitlement, either be registered himself as the holder of the share or elect to have some person nominated by him registered as the transferee thereof. If the person so becoming entitled elects to be registered himself, he shall deliver or send to the Company a notice in writing signed by him stating that he so elects. If he shall elect to have his nominee registered, he shall signify his election by signing an instrument of transfer of such share in favour of his nominee.
>
> (b) All the limitations, restrictions and provisions of these Bye-Laws relating to the right to transfer and the registration of transfer of shares shall be applicable to any such notice or instrument of transfer as aforesaid as if the death of the shareholder or other event giving rise to the transmission had not occurred and the notice or instrument of transfer was an instrument of transfer signed by such shareholder.

Bye-Laws, ¶¶34-35.

The Claimant has the burden of proving the validity of the proof of claim by a

preponderance of the evidence. There is nothing in this record to show that the SCL shares owned by Muriel Barry were transferred to the Trust or to the Claimant, or to show that the Claimant has any right or entitlement to the dividend checks, either on his own or as a representative of the estate of Muriel Barry. These are sufficient grounds for disallowance of the Dacey Claim. Therefore, I do not reach the forfeiture issue or the subordination issue under Bankruptcy Code §510(b).

    An appropriate order will be entered.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

Dated: July 22, 2009